Case 4:24-cv-02842   Document 6   Filed on 05/22/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
May 22, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR CHARLES ROGERS, TDCJ # 00602346, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | CIVIL ACTION NO. 4:24-2842 |
| IFREKE IKPO, | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Victor Charles Rogers, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *pro se* and *in forma pauperis* in this civil-rights suit under 42 U.S.C. § 1983. This case is governed by the Prisoner Litigation Reform Act (PLRA), which requires the Court to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for the reasons explained below.

I.  **BACKGROUND**

Rogers is incarcerated in TDCJ based on a 1991 conviction in Harris County for aggravated sexual assault. *See* Inmate Information Search, TDCJ, available at https://inmate.tdcj.texas.gov/InmateSearch/ (last visited May 16, 2025). He brings claims

regarding alleged violations of his rights in connection with the revocation of his parole in 2018 and subsequent denials of release to parole.

Rogers previously filed a federal habeas petition raising claims about the same events. *See Rogers v. Lumpkin*, Civil Action No. 4:22-4135 (S.D. Tex.) (Dkt. 32, dated Sept. 10, 2024). The court's opinion denying habeas relief sets out facts that are relevant to this suit: Rogers was released to parole in August 2014 and his parole was revoked on October 8, 2018. After returning to TDCJ, the Board of Pardons and Paroles reviewed his application for parole in March 2019 and February 2022, and denied both applications based on a determination that Rogers posed a continuing threat to public safety and had prior unsuccessful periods of supervision on parole. *Id.* at 2. In the previous federal action, the court denied Rogers' habeas claims as time-barred and as not cognizable on habeas review, among other grounds. *Id.* at 9-14.

In this civil-rights suit, Rogers brings claims against two parole officers and the Texas Board of Pardons and Parole. First, he alleges that Parole Officer Ifreke Ikpo filed a false statement against him in April 2018 when Officer Ikpo wrote that Rogers had been violent against his girlfriend, despite the girlfriend's sworn affidavit from June 2018 stating that the allegation was untrue. Second, he alleges that Parole Officer Lonnie Chambers filed a "blue warrant" stating that Rogers had violated his parole and forged Rogers' signature on the documents. Third, he alleges that the Board of Pardons and Paroles improperly denied his parole applications twice, in March 2019 and February 2022, when they voted on evidence that "has no business being in [his] file" (Dkt. 1, at 4, 6-8). As relief for his claims, Rogers seeks compensation for the violation of his rights (*id.* at 4).

## II.     THE PLRA AND PRO SE PLEADINGS

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact.  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).  A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory."  *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).  It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  *Id.* (cleaned up).

A dismissal under § 1915A(b) or § 1915(e)(2)(B) for failure to state a claim is governed by the same standard as a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).  Under this standard, a court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief."  *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).  A court may dismiss a case *sua sponte* and without notice to the plaintiff if the plaintiff has pleaded his best case or if the dismissal is without prejudice.  *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016); *see Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a court

may *sua sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (cleaned up); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that where the pleadings, viewed under the individual circumstances of the case, "demonstrate that the plaintiff has pleaded his best case," dismissal on the pleadings is appropriate if the pleadings do not adequately state a cause of action).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

## III.   DISCUSSION

Rogers brings his claims under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person "acting under color of state law," such as a prison official, for a constitutional violation. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016).

### A. Statute of Limitations

Civil-rights claims under § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018); TEX. CIV. PRAC. & REM. CODE § 16.003(a). The two-year limitations period "begins to run once the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020) (cleaned up). A complaint that is plainly untimely is subject to dismissal as legally frivolous. *See Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) ("a complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling"); *Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A cause of action accrues when a plaintiff knows or had sufficient information to know that he had been injured. *Hoffman*, 955 F.3d at 444; *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). When reviewing a case brought under 28 U.S.C. § 1915 or 28 U.S.C. § 1915A, the court has a special duty to examine the pleadings and thus may raise the limitations defense *sua sponte*. *LeBouef v. Island Operating Co., Inc.*, 342 F. App'x 983, 984 & n.1 (5th Cir. 2009).

Here, Rogers executed his complaint on July 11, 2024 (Dkt. 1, at 5). The two-year statute of limitations thus bars all claims that accrued before July 11, 2022. Because Rogers alleges that the individual defendants violated his rights in 2018 and that the Board violated his rights in March 2019 and February 2022, all of his claims are time-barred.

B. *Heck v. Humphrey*

Additionally, under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 claim for monetary damages that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated. To prevail based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil-rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486-87. If a judgment in favor of a civil-rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487; *see Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000). The Supreme Court has unequivocally stated that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis removed). The *Heck* bar applies to challenges to parole revocations and parole denials. *Collins v. Dallas Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023); *McCollum v. Lewis*, 852 F. App'x 117, 121 (5th Cir. 2021).

Here, Rogers argues that his 2018 parole revocation was erroneous based on false statements or misconduct by the parole officers and that his parole determinations in 2019 and 2022 were invalid based on inaccurate information in his parole file. A finding in Rogers' favor in this case would necessarily imply that his claims regarding his parole revocation or parole denials are meritorious. However, public records do not reflect, and Rogers does not claim, that his parole srevocation or parole denials have been invalidated or otherwise set aside.

Absent this showing, the rule in *Heck* precludes his claim for relief. *See Collins*, 77 F.4th at 330-31 (concluding that the plaintiff's claim that the denial of his application was erroneous because it considered "inaccurate parole documents" was barred by *Heck*); *McCollum*, 852 F. App'x at 121 (concluding that the plaintiff's claims regarding parole revocation proceedings were barred because the success of his claims "would not be independent of the revocation of his supervision").

Rogers' civil-rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his claim for injunctive and declaratory relief must be dismissed without prejudice. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Any claims for damages must be dismissed with prejudice to being asserted again until the *Heck* conditions are met. *See id.* (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

### IV. <u>CONCLUSION</u>

For the reasons stated above, the Court **ORDERS** as follows:

1. The complaint (Dkt. 1) filed by Victor Rogers is **DISMISSED** under 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted as barred by the statute of limitations.

2. In the alternative, Rogers' claims for injunctive relief are **dismissed without prejudice** under *Heck v. Humphrey*. Any claims for monetary damages are **dismissed with prejudice** to his claims being asserted again until the *Heck* conditions are met.

3. All pending motions, if any, are **DENIED** as moot.

**The Clerk will provide a copy of this order to the parties and to (1) the TDCJ Office of General Counsel at the email address on file with the court; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, by email at ctfcourt.collections@tdcj.texas.gov; and (3) the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on _____May 22_____, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE